UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| ALAN THOMAS HAHN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 5:06-cv-74 |
| | ) | |
| v. | ) | Honorable Gordon J. Quist |
| | ) | |
| ARTHUR J. TARNOW et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis.* Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's action against eleven of the Defendants and will transfer Plaintiff's action against the remaining Defendants to the Eastern District where venue is proper.

### Discussion

I.   Factual allegations

Plaintiff is incarcerated in the Standish Maximum Correctional Facility (SMF).  In his *pro se* complaint, Plaintiff sues the following twenty-seven Defendants:  Judge Arthur J. Tarnow[1]; the State of Michigan; the Michigan Department of Corrections (MDOC); Corrections Medical Services (CMS); Patricia Caruso, MDOC Director; Dennis Straub, MDOC Deputy Director; Dr. William Borgerding, former Region 1 Health Administrator; Dr. (unknown) Pandya, *Pro Tem* Region 1 Health Administrator; Craig Hutchinson, CMS liaison to the MDOC; James MacMeekin, Region 1 Prison Administrator; Terry Malloy, Region 1 Nurse/Health Care Manager; Dr. (unknown) Pramstaller, MDOC Chief Health Care Administrator; Thomas Birkett, SMF Warden; David Sivik, SMF Assistant Resident Unit Manager; Raymond Bowerson, SMF Resident Unit Manager; Joseph Burtch, SMF doctor; Karen Peters, SMF Health Unit Manager; Heather Bailey, SMF Nursing Supervisor; and current and former SMF Deputy Wardens B. Meagher, O.T. Winn, T. Ball, (unknown) Krajnik, S.M. King, C. Walker, (unknown) Ricumdtrict, J. Sciotti, and M. Curley.

Plaintiff's claims concern the conditions of his confinement at SMF.  Plaintiff, who is a paraplegic, has been in the custody of the MDOC since 1996 and incarcerated at SMF since 2000.  Plaintiff requires medication three times a day.  Plaintiff claims that Defendants refuse to deliver his medications directly to him.  As a result, Plaintiff is required to "transfer" himself from his bed to his wheelchair three times a day in order to retrieve his medication.  Plaintiff contends that

---

[1]Plaintiff has six actions pending in the Eastern District of Michigan concerning his conditions of confinement. *See Hahn v. Martin et al.*, No. 2:01-cv-74656 (E.D. Mich.); *Hahn v. Mich. Dep't of Corr. et al.*, No. 2:03-cv-73720 (E.D. Mich.); *Hahn v. Foote Hospital et al.*, No. 2:04-cv-73318 (E.D. Mich.); *Hahn v. Mich. Dep't of Corr. et al.*, No. 2:05-cv-70151 (E.D. Mich.); *Hahn v. Mich. Dep't of Corr. et al.*, No. 2:05-cv-70778 (E.D. Mich.); *Hahn v. Fullerton et al.*, No. 2:05-cv-70783 (E.D. Mich.).  The first four cases have been consolidated under Case No. 2:01-cv-74656. Judge Tarnow is assigned to all of Plaintiff's pending actions in the Eastern District.

the transfers from bed to wheelchair are painful and perilous because Defendants refuse to provide him with the proper bed and rubber floor mat. Plaintiff alleges that his bed lacks proper partial rails, a trapeze, height adjustability and sufficient width. According to Plaintiff, he also needs a 4x6' rubber-backed floor mat to prevent his wheelchair from slipping during the transfers.[2] Without the proper equipment, Plaintiff claims that he has fallen dozens of times causing him pain and injury.

Plaintiff claims that Defendants' conduct violates his Eighth Amendment right against cruel and unusual punishment and the Americans with Disabilities Act. Plaintiff seeks injunctive relief, as well as monetary damages of $200,000 from each of the Defendants. He further requests criminal prosecution of the Defendants.

II.    Immunity

Plaintiff names Judge Arthur J. Tarnow as a Defendant in this action. As set forth above, Plaintiff has litigation pending before Judge Tarnow in the Eastern District of Michigan and is dissatisfied with Judge Tarnow's decisions in his cases. Generally, a judge is absolutely immune from a suit for monetary damages. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) ("it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself"); *Barrett v. Harrington*, 130 F.3d 246, 254 (6th Cir. 1997); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). Absolute judicial immunity may be overcome in only two instances. First, a judge is not immune from liability for non-judicial actions, i.e., actions not taken in the judge's judicial capacity. *Mireles*, 502 U.S. at 11. Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all

---

[2]Plaintiff indicates that he raised this claim in *Hahn v. Martin et al.*, No. 2:01-cv-74656 (E.D. Mich.).

jurisdiction.  *Id.* at 12.  Plaintiff's allegations clearly fail to implicate either of the exceptions to judicial immunity.  Accordingly, Judge Tarnow is absolutely immune from Plaintiff's action for monetary damages.[3]

Plaintiff also sues the State of Michigan and the MDOC.  Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute.  *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826  (6th Cir. 1993).  Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court.  *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).  In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment.  *See*, *e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. Apr 5, 1995); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992).  In addition, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages.  *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989)).  Therefore, the Court will dismiss the State of Michigan and the Michigan Department of Corrections.

---

[3]To the extent Plaintiff purports to bring a claim for any other form of relief against Judge Tarnow, it will be dismissed as frivolous.  *See  Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (an action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact").  Plaintiff's claim that Judge Tarnow is somehow liable for failing to grant Plaintiff the relief he seeks in previous or pending civil rights litigation lacks an arguable basis in law.

III.   <u>Failure to state a claim</u>[4]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996).

Plaintiff fails to allege how the Defendants in supervisory positions outside of SMF were involved in the alleged refusal to deliver his medication and the denial of a proper bed and floor mat to facilitate his transfer from bed to wheelchair. Plaintiff asserts that Defendants Caruso, Straub, Borgerding, Pandya, Hutchinson, Pramstaller, MacMeekin and Malloy are "responsible for all subordinates." A plaintiff bringing an action pursuant to § 1983 cannot premise liability upon a theory of respondeat superior or vicarious liability. *Street*, 102 F.3d at 818 (quoting *Monell v. Dep't of Soc. Serv.*, 436 U.S. 658 (1978)). Plaintiff must establish that each Defendant was personally involved, or that s/he otherwise encouraged or condoned the action of the offending employees. *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (citing *Rizzo v. Goode*, 423 U.S. 362, 375-76 (1976) and *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)). In his complaint, Plaintiff only generally asserts that "Defendants" violated his constitutional rights, without attributing specific

---

[4]Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Churner*, 532 U.S. 731 (2001). Plaintiff claims that he is on modified grievance restriction and that the grievance coordinator denied his requests for grievance forms to grieve the matters set forth in the complaint. *See* MICH. DEP'T. OF CORR., Policy Directive 03.02.130,¶¶ JJ-NN (eff. Dec. 19, 2003). Accordingly, it does not appear that Plaintiff has an "available" administrative remedy.

acts or omissions to any of the individual Defendants.  *See Veney v. Hogan*, 70 F.3d 917, 922 (6th Cir. 1995) (where complaint failed to allege wrongdoing by a particular defendant, it fell "far short of the standard that is necessary to weed out meritless actions"); *Rodriguez v. Jabe*, No. 90-1010, 1990 WL 82722, at \*1 (6th Cir. June 19, 1990) ("Plaintiff's claims against those individuals are without a basis in law as the complaint is totally devoid of allegations as to them which would suggest their involvement in the events leading to his injuries").  Because Plaintiff does not allege that Defendants Caruso, Straub, Borgerding, Pandya, Hutchinson, Pramstaller, MacMeekin and Malloy were personally involved in the acts or omissions described in the complaint or that they encouraged or condoned such conduct, he fails to state a claim against them.

IV.   Venue

Under the revised venue statute, venue in federal-question cases lies in the district in which any defendant resides or in which a substantial part of the events or omissions giving rise to the claim occurred.  28 U.S.C. § 1391(b).  SMF is located in Arenac County.  The remaining Defendants are public officials serving in Arenac County, and they "reside" in that county for purposes of venue over a suit challenging official acts.  *See Butterworth v. Hill*, 114 U.S. 128, 132 (1885); *O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972).  Plaintiff's allegations against these Defendants arose in Arenac County, where Defendants allegedly committed the acts giving rise to this case.  *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 185-87 (1979).  Arenac County is within the geographical boundaries of the Eastern District of Michigan.  28 U.S.C. § 102(a).  In these circumstances, venue is only in the Eastern District.

## **Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that the following Defendants will be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c): Judge Arthur J. Tarnow, State of Michigan, MDOC, Patricia Caruso, Denis Straub, William Borgerding, (unknown) Pandya, Craig Hutchinson, (unknown) Pramstaller, James MacMeekin and Terry Malloy.   Plaintiff's claims against the remaining Defendants will be transferred to the Eastern District of Michigan.

An Order consistent with this Opinion will be entered.


Dated:  June 16, 2006                                      /s/ Gordon J. Quist
                                                        GORDON J. QUIST
                                                  UNITED STATES DISTRICT JUDGE